U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JAN - 8 2019
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIA R. MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-886-A |
| | § | |
| AMERICAN PAINT HORSE ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
and
## ORDER

Came on for consideration the motion of defendant, American Paint Horse Association ("APHA"), to dismiss the claims of plaintiff, Julia R. Mitchell ("Mitchell"). The court, having considered the motion, Mitchell's response, APHA's reply, the record, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

On October 29, 2018, Mitchell initiated this action by the filing of her original complaint. Doc. 1.[1] She filed her amended complaint on December 12, 2018. Doc. 11. Mitchell alleged the following in her amended complaint:

She was born in 1944. Id. at 6 ¶ 26. In 2007, she began

---

[1] The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:18-CV-886-A.

working at APHA, where she served as director of human resources until her resignation. Id. at 2 ¶ 8-9, 6 ¶ 28. Mitchell has "a substantial amount of training in human resources management" and "has a business degree in human resource management, and significant experience." Id. at 6 ¶ 27.

On May 16, 2018, APHA's chief executive officer, Billy Smith ("Smith"), told Mitchell that he would terminate her in two weeks because he needed to "decrease headcount," not because of her performance. Id. at 4 ¶ 17. Smith also told her that Kimberly Capuano ("Capuano"), who is about thirty years younger than her, would replace her. Id. at 6 ¶ 29. Mitchell resigned before the expiration of two weeks. Id. at 5 ¶ 19. APHA's "initial plan" was to replace her with Capuano, but it outsourced her former job duties two months after she resigned. Id. at 6 ¶ 29. APHA did not fire its director of accounting, Jennifer Mathis ("Mathis"), who is at least thirty years younger than Mitchell. Id. at 5 ¶ 21, 7 ¶ 30.

APHA, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., discriminated against her on the basis of age. Id. at 7 ¶ 30.

\*\*\*\*\*\*

Mitchell sought in her amended complaint damages for "lost

2

wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." Id. at 7 ¶ 33. She also sought punitive damages, a declaratory judgment that APHA violated the ADEA, a permanent injunction against APHA to prevent future age discrimination, and attorney's fees and costs. Id. at 7-8 ¶¶ 34-39.

II.

Grounds of the Motion

APHA moved to dismiss Mitchell's amended complaint for failure to state a claim upon which relief can be granted.

III.

Analysis

A. Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing"

contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B.  No Plausible Claim of Age Discrimination Has Been Alleged

The ADEA makes it "unlawful for an employer to . . . discharge any individual or otherwise discriminate against any

4

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

At the pleading stage, "a plaintiff must set forth allegations that would enable the court to reasonably infer that the employer took adverse employment action because of the plaintiff's age." Woldetadik v. 7-Eleven, Inc., 881 F. Supp. 2d 738, 741 (N.D. Tex. 2012).

Courts consider the elements of a prima facie age discrimination case in evaluating whether a plaintiff alleged a plausible discrimination claim. Hayden v. City of Fort Worth, No. 4:17-CV-452-A, 2017 WL 4011296, at *4 (N.D. Tex. Sept. 11, 2017). To plead such a case, plaintiffs must allege that "(1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were replaced by someone younger or treated less favorably than similarly situated younger employees." See Smith v. City of Jackson, 351 F.3d 183, 196 (5th Cir. 2003).

To plead the fourth element based on a disparate treatment allegation, a plaintiff must allege that her employer gave preferential treatment to a similarly situated employee "under nearly identical circumstances." See Wheeler v. BL Dev. Corp., 415 F.3d 399, 406 (5th Cir. 2005). "To be considered similarly

situated, a comparable employee must have held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and had similar disciplinary or violation histories." Sprouse-Hudson v. Donahue, 4:11-CV-470-A, 2012 WL 5359774, at *12 (N.D. Tex. Oct. 31, 2012) (citing Lee v. Kan. City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009)).[2]

Although Mitchell's claim is based on the McDonnell Douglas framework, she failed to allege factually the fourth element thereof. First, she did not allege that she was replaced by a substantially younger employee. She alleged that APHA's "initial plan" was to replace her with Capuano, and that Smith told her that Capuano would replace her. Doc. 11 at 6 ¶ 29. But, nowhere in her complaint, however, did Mitchell allege that APHA actually replaced her with anyone. She alleged no facts that support such an inference. Second, Mitchell did not allege that she was treated differently from a similarly-situated employee. She alleged that both she and Mathis held the title of "director." Doc. 11 at 2 ¶ 9, 7 ¶ 30. This fact, without more, is insufficient to support a reasonable inference that she and Mathis faced nearly identical circumstances. She did not, for

---

[2]Although Wheeler, Sprouse-Hudson, and Lee interpreted Title VII, courts analyze ADEA claims in the same manner as Title VII claims. Hayden, 2017 WL 4011296, at *4.

example, allege that they had similar experience, qualifications, or disciplinary records, or that they shared the same supervisor or job responsibilities.

For these reasons, Mitchell failed to allege facts from which the court could infer that she was replaced by someone younger or treated less favorably than a similarly-situated younger employee. Nor, did she plead any facts that would support an inference of age discrimination. As a result, the court cannot infer from the facts alleged that the ADEA gives Mitchell a plausible right to relief.

\*\*\*\*\*\*

In plaintiff's response to the motion to dismiss, plaintiff seems to be suggesting that the court authorize her to file yet another amended complaint. Doc. 17 at 1, 7.

On November 21, 2018, APHA moved to dismiss Mitchell's original complaint. Doc. 9. She then moved for, and was granted, an extension of time in which to respond to said motion. Docs. 10, 11. Before she responded, however, she filed an amended complaint. Doc. 12. Then, after APHA filed the instant motion to dismiss, Mitchell moved for, and was granted, yet another extension of time in which to respond to the motion. Docs. 16, 18. In her response, she requested the court give her a chance to amend her complaint once again. Doc. 17 at 1, 7.

7

Local Civil Rule LR 5.1(c) requires that any document containing more than one pleading, motion, or other paper "clearly identify each pleading, motion, or other paper in its title." Local Civil Rule 15.1(a) further provides:

> When a party files a motion for leave to file an amended pleading . . . , the party must attach a copy of the proposed amended pleading as an exhibit to the motion. The party must also submit with the motion an original and a judge's copy of the proposed pleading.

Plaintiff's request does not comply with any of these requirements. Plaintiff's response does not identify any motion for leave to amend in its title. Plaintiff did not attach a copy of her proposed amended complaint as an exhibit, and she did not submit an original or judge's copy of a proposed amended complaint.

Because of her noncompliance, the court does not consider that she actually made a motion for leave to amend. Moreover, even if the court were to interpret what she said as a motion for leave, the court could not evaluate the merit of such a motion without any knowledge of what another amended complaint might say. In any event, plaintiff has had more than a fair opportunity to plead her best case. Therefore, the court is not granting plaintiff leave to replead again.

IV.

Conclusion and Order

Because Mitchell failed to state a claim upon which relief can be granted, this court finds that APHA's motion to dismiss should be granted. Therefore,

The court ORDERS that APHA's motion to dismiss be, and is hereby, granted, and Mitchell's claims in the above-captioned action be, and are hereby, dismissed.

SIGNED January 8, 2019.

_____
JOHN McBRYDE
United States District Judge